# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $35,900.00 IN U.S. CURRENCY, et al.<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00254-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EX PARTE APPLICATION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE BE GRANTED**<br><br>**(Doc. 26)**<br><br>**OBJECTIONS DUE WITHIN 14 DAYS** |

## I.     INTRODUCTION

In this *in rem* civil forfeiture action, Plaintiff United States of America (the "Government" or "Plaintiff") filed an Ex Parte Application for Default Judgment and Final Judgment of Forfeiture (the "Application") seeking entry of a default judgment against the interests of Mark Bagdasarian, Maureen Bagdasarian, and Ryan Bagdasarian and a final judgment of forfeiture against all known and unknown potential claimants to the Approximately $35,900.00 in U.S. Currency, Approximately $5,500.00 in U.S. Currency, Approximately $3,125.00 in U.S. Currency, and Approximately $5,772.08 in U.S. Currency seized from Union Bank account number 1540018207 (collectively the "Defendant Funds"). No opposition to the Application has been filed, and the time to file an opposition has expired. The Court reviewed

the motion and supporting document and found the matter suitable for decision without argument pursuant to Local Rule 230(g); thus the October 25, 2017, hearing was vacated. (Doc. 27.) For the reasons set forth below, the undersigned RECOMMENDS that the Government's Application be GRANTED.

## II. FACTUAL BACKGROUND[1]

On February 22, 2012, the Government filed a verified complaint alleging that, in 2011, the Drug Enforcement Administration and the Fresno County Sheriff's Department initiated an investigation into the illegal sales of marijuana at marijuana retail storefronts operating in Fresno County, California. (Doc. 1 ("Compl.") ¶ 7.) The investigation revealed Mark Bagdasarian was the primary operator and Executive President of Buds 4 Life, a marijuana retail business. (*Id.*) The investigation determined that Mark Bagdasarian, Ryan Bagdasarian, and others involved with Buds 4 Life, were operating two "cash-only" marijuana retail storefronts: one in Tarpey Village located at 3705 N. Clovis Avenue (hereafter "Buds 4 Life"), and one at 16906 Friant Road in Friant, California (hereafter "Buds 4 Life North"). *Id.*

In an interview with Mark Bagdasarian by law enforcement officers, Mr. Bagdasarian admitted that he was the Executive President of Buds 4 Life, a marijuana retail store, and that he established Buds 4 Life with his son, Ryan Bagdasarian. (Compl. ¶ 8.) Mark Bagdasarian identified others involved with his business operations and admitted to the location of his indoor warehouse marijuana cultivation operation. (*Id.*) Mark Bagdasarian admitted that at the end of each day a portion of the marijuana sale proceeds were deposited in a safe located at 5777 E. Shields Avenue but then were taken to his personal residence where he and his wife, Maureen Bagdasarian re-counted the money. (*Id.*) Mark Bagdasarian estimated that between February and May 2011, he took home an average of $30,000 to $50,000 per day of marijuana sale proceeds, and was fully aware that his business violated federal law. (*Id.*)

---

[1] The facts set forth in this factual background section are taken from Plaintiff's verified complaint filed February 22, 2012. (Doc. 1 ("Compl."))

On June 1, 2011, the Drug Enforcement Administration, Internal Revenue Service, Fresno County Sheriff's Department and other state, local, and federal law enforcement agencies executed state search warrants at seven different locations associated with Buds 4 Life, including: 3705 N. Clovis Avenue, 2675 Shirley, 6129 N. Mitre, 5771 and 5777 E. Shields Avenue. (Compl. ¶ 9.) These searches resulted in the total seizure of approximately 99 kilograms of processed marijuana, 3,669 live marijuana plants, 309 grams of concentrated cannabis, hundreds of units of edibles/drinks containing tetrahydrocannabinol (THC)[2], over $500,000 in U.S. currency, a Harley-Davison motorcycle, and a 2008 Toyota Scion automobile. (*Id.*)

On October 4, 2011, the Fresno County Sheriff's Department conducted a traffic stop on Mark Bagdasarian. (Compl. ¶ 11.) Subsequent to the vehicle stop, a detective with the Fresno County Sheriff's Department utilized his narcotic-detecting canine "Tag" to conduct a sniff search on the vehicle, which resulted in a positive alert for the presence of narcotics near the rear exterior hatch, the interior center console, and front passenger floorboard. (*Id.*) During a physical search of the vehicle, law enforcement located several small containers containing 174.3 gross grams of marijuana, and approximately $35,900.00 in U.S. currency. *Id.* "Tag" also gave a positive alert to the presence of the odor of narcotics on the approximately $35,900.00. (*Id.*) Law enforcement took Mark Bagdasarian into custody. (*Id.*)

Following his arrest, law enforcement executed a federal search warrant at Mark Bagdasarian's residence in Clovis, California. (Compl. ¶ 12.) Within the residence, law enforcement located miscellaneous documents, hash oil, Buds 4 Life documents, and three small plastic bags containing marijuana, approximately $5,500.00 in U.S. currency, 4 plastic containers of hashish, three large plastic bags containing processed marijuana, twelve small plastic bags containing processed marijuana, and approximately 56 small plastic containers containing hash oil. (*Id.*) In the attached garage, law enforcement officers located a makeshift

---

[2] Tetrahydrocannabinol is the physiologically active component in cannabis.

room, which contained marijuana leaves and stems, two large plastic bags with processed marijuana, THC analysis lab reports and marijuana edibles such as peanut butter cups, cookies, drinks, and sauces. (*Id.* ¶ 13.)

On October 4, 2011, law enforcement members of the Drug Enforcement Administration, Internal Revenue Service, and the Fresno County Sheriff's Department executed a federal search warrant at Buds 4 Life North located at 16906 N. Friant Road, Friant, California. (Compl. ¶ 14.) During the search of Buds 4 Life North, law enforcement officers located and seized approximately 25.25 pounds of processed marijuana, approximately 139 bottles of THC beverages, approximately 222.64 pounds of THC edibles, approximately 1.93 pounds of THC Joint/Muscle Rub, approximately 0.53 pounds of marijuana hash, approximately 37.17 pounds of THC ice cream, approximately 3.17 pounds of THC oil, approximately 2.75 pounds of marijuana plants, multiple loaded firearms, miscellaneous Buds 4 Life documents, and approximately $3,125.00 in U.S. currency. (*Id.* ¶ 15.) The narcotics-detecting canine "Tag" gave a positive alert to the presence of the odor of narcotics on the seized currency. (*Id.*) Law enforcement arrested Ryan Bagdasarian at his residence in Clovis, California in connection with this case. (*Id.* ¶ 16.)

On or about October 6, 2011, approximately $5,772.08 was seized from Union Bank account number 1540018207, held in the name of Mark Bagdasarian pursuant to a seizure warrant executed on June 1, 2011. (Compl. ¶ 22.) Other than a record associated with Buds 4 Life, the California Employment Development Department has no record of employment or wages for the fourth quarter of 2010 through the reporting period in 2011 for either Mark Bagdasarian or Ryan Bagdasarian. (*Id.* ¶ 23.)

### III. PROCEDURAL BACKGROUND

On October 13, 2011, a Grand Jury in the Eastern District of California indicted Mark Bagdasarian and Ryan Bagdasarian, for narcotics violations of 21 U.S.C. §§ 841(a)(1) and 846, and other related charges. (Compl. ¶ 24.) On February 22, 2012, the Government filed a civil action for forfeiture *in rem* pursuant to 21 U.S.C. § 881(a)(6) of the Defendant Funds. (*See*

Doc. 1). Based on the allegations set forth in the Complaint, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Funds. (Doc. 6.) The United States Marshals Service executed the Warrant for Arrest on the Defendant Funds on March 7, 2012. (*See* Doc. 8.)

The Government published public notice of the action and the arrest of the Defendant Funds via the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days. (*See* Doc. 15.) Publication in a manner consistent with Local Rule 500(d) via Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereafter "Supplemental Rules") was made beginning May 2, 2012, and proof of such publication was filed with the Court on June 6, 2012. (*See id.*) The United States also caused notice to be delivered to various individuals with a suspected potential interest in the Defendant Funds in a manner reasonably likely to reach them, as follows: On March 6, 2012, the United States served Ryan Bagdasarian with notice of this action. (*See* Doc. 12-1, Declaration of Autumn Magee in Support of Request to Clerk for Entry of Default against Ryan Bagdasarian ("Magee Decl.") ¶ 5.) On March 6, 2012, the United States served Mark Bagdasarian and Maureen Bagdasarian with notice of this action. (*See* Doc. 24-1, Declaration of Elisa Rodriguez in Support of Request to Clerk for Entry of Default against Mark Bagdasarian and Maureen Bagdasarian ("Rodriguez Decl.") ¶¶ 5–6.) On March 6, 2012, the United States served Anthony P. Capozzi, Esq., defense counsel for Mark Bagdasarian and Ryan Bagdasarian in the related criminal case, *United States v. Mark Bagdasarian, et al.*, 1:11-CR-00352-LJO, with notice of this action. (*Id.* ¶ 7.)

On April 10, 2012, Mark Bagdasarian and Maureen Bagdasarian filed their claim to the Defendant Funds. (Doc. 9.) Mark Bagdasarian and Maureen Bagdasarian filed their answer to the complaint for forfeiture on May 2, 2012. (Doc. 11.) On May 11, 2012, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default against Ryan Bagdasarian. (Doc. 13.)

On June 5, 2017, the criminal case of *United States v. Mark Bagdasarian, et al.*, 1:11-CR-00352-LJO, resolved with Ryan Bagdasarian's guilty plea to Possession of Marijuana with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and Mark Bagdasarian's guilty plea to a violation of 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering. (*See* Doc. 26 at 4:21–24.)

That same day, on June 5, 2017, Maureen Bagdasarian filed her withdrawal of claim and answer. (Doc. 21.) Mark Bagdasarian filed his withdrawal of claim and answer on June 7, 2017. (Doc. 22.) On September 21, 2017, the Clerk of Court entered default against Mark Bagdasarian and Maureen Bagdasarian. (Doc. 25.) The Government filed the present Application for default judgment and final judgment of forfeiture on September 25, 2017. (Doc. 26.) No opposition has been filed to the Government's Application.

## IV.    DISCUSSION

### 1.    Legal Standard

The Government seeks judgment against the interests of Mark Bagdasarian, Maureen Bagdasarian, and Ryan Bagdasarian, and also seeks final judgment of forfeiture against all other unknown potential claimants. The Supplemental Rules themselves do not provide a procedure to seek default judgment in an action *in rem.* However, Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Federal Rule of Civil Procedure 55(b)(2) provides that a court has discretion to enter default judgment against a party and provides as follows:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate

6

> judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). In considering whether to enter default judgment, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the compliant; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987); *United States v. Approximately $30,000.00 in U.S. Currency*, No. 1:13–cv–1542 GSA, 2015 WL 5097707, at *5 (E.D. Cal. Aug. 28, 2015). *Accord Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

In the context of an *in rem* forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Supplemental Rules; and the Court's Local Rules for Admiralty and *in rem* actions. *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the Government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

### 2. Procedural Requirements

#### a. Sufficiency of the Complaint

Pursuant to the Supplemental Rules, the Government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. R. G(2). With regard to the sufficiency of the factual detail of the verified complaint, the Government is not required to show a direct relationship between the proceeds of a drug crime and a specific drug transaction. Rather, circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467–70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction); *Approximately $30,000.00 in U.S. Currency*, 2015 WL 5097707, at *6.

Here, the Government contends that the verified complaint establishes circumstantial evidence that the Defendant Funds were furnished or intended to be furnished in exchange for a controlled substance or listed chemical and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (*See* Doc. 26 at 6:11–16.) Pursuant to Section 881, the following is subject to forfeiture to the United States:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

The allegations of the Government's verified complaint provide sufficient circumstantial evidence to reasonably believe that the Defendant Funds constitute "moneys" furnished or intended to be furnished in exchange for a controlled substance or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.* The Defendant Funds were seized from Mark Bagdasarian's residence and accounts directly associated with two dispensary locations called Buds 4 Life and Buds 4 Life North, run and operated by Mark Bagdasarian and

Ryan Bagdasarian. (Compl. ¶¶ 12, 15, 22.) The Defendant Funds were derived from the sales of marijuana at the dispensary locations. (*Id.* ¶¶ 8, 20.) Further, a drug-detecting canine alerted to the presence of the odor of narcotics on the Defendant Funds. (*Id.* ¶¶ 11, 15.)

"In the absence of assertion of interests in the Defendant [Funds], the Court will not question the facts supporting its forfeiture . . . ." *Approximately $30,000.00 in U.S. Currency*, 2015 WL 5097707, at *6. The Court therefore finds that the facts, as alleged, provide a sufficient connection between the Defendant Funds and illegal drug activity to support a forfeiture.

### b. Notice by Publication

Subject to certain exceptions not present here, the Supplemental Rules require the Government to publish notice of the forfeiture in a manner that is reasonably calculated to notify potential claimants of the action. Fed. R. Civ. P. Supp. R. G(4)(a)(iv). The content of the notice must describe the property with reasonable particularity, state the times to file a claim and to answer the complaint, and identify the name of the Government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(a)(ii)(A)–(C). This notice requirement may be satisfied by posting a notice on an official internet government forfeiture site for at least 30 consecutive days. Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).

Here, publication occurred on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days. (Doc. 15.) The Government filed a Declaration of Publication stating that notice had been created and published on the forfeiture website for 30 days, beginning on May 2, 2012. (*Id.*) A copy of the notice was attached to the Declaration of Publication, and it described the property with reasonable particularity by the amount of the Defendant Funds. (Doc. 15 at 3.) The notice clearly stated the time requirements to file a claim and an answer. (*Id.*) Further, the notice provided the name of the attorney to be served with any claim and answer. (*Id.*) Thus, the Supplemental Rule's notice-content requirements have been satisfied. Fed. R. Civ. P. Supp. R. G(4)(ii)(A)–(C). Additionally, the notice was published for

1  30 consecutive days from May 2, 2012, through May 31, 2012, on the forfeiture website, which
2  satisfies the Supplemental Rule's notice requirements with regard to frequency and means.
3  (Doc. 15 at 4.)

### c. Personal Notice

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b). "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States* 417 F.3d 1189, 1197 (11th Cir. 2005); *Real Property*, 135 F.3d at 1316.

The Supplemental Rules indicate that the Government must send notice of the forfeiture action "to any person who reasonably appears to be a potential claimant on the facts known to the government." Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must include the following information: the date when the notice is sent; a deadline for filing a claim that is at least 35 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the government attorney to be served with the claim and answer. *Id.* Here, the Government provided notice of the forfeiture action by mailing copies of the required documentation, via both certified and first class mail, to Ryan Bagdasarian at his last known address, and a signed certified mail receipt was received by the Government. (*See* Magee Decl. ¶ 5 and Ex. A.) The Government mailed copies of the required documentation, via both certified and first class mail, to Mark Bagdasarian and Maureen Bagdasarian at their last known address, and signed certified mail receipts signed by Mark

Bagdasarian were received by the Government. (*See* Rodriguez Decl. ¶¶ 5–6 and Exs. A & B.) Mark Bagdasarian was also sent notice to his defense counsel. (*See id.* ¶ 7.) Therefore, reasonable attempts at serving notice on the potential claimants were made.

### d. The Time to File a Claim or an Answer

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within the time specified by the direct notice. Fed. R. Civ. P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. *Real Property*, 135 F.3d at 1317.

Here, more than 30 days have passed since the completion of publication, and more than 35 days have passed since the date that the known potential claimants were provided direct notice of the Government's complaint in this action. Accordingly, the time to file a claim has expired, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court properly entered defaults against Ryan Bagdasarian, Mark Bagdasarian, and Maureen Bagdasarian.[3]

### e. Conclusion

The Court finds that the Government has met the procedural requirements applicable to civil *in rem* forfeiture actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the U.S. District Court for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in the United States all right, title, and interest in the Defendant Funds.

### 3. Discretionary *Eitel* Factors

Beyond satisfaction of the procedural requirements, the discretionary *Eitel* factors outlined by the Ninth Circuit also favor granting the Government's motion for default judgment.

---

[3] Mark Bagdasarian and Maureen Bagdasarian timely filed their claim and answer, but they have been withdrawn. (*See* Docs. 21 & 22.)

11

First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which claimants have withdrawn their claims. Second, the Government's claims appear to have merit. Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action *in rem*, including the filing of a sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of the Government's motion. *See United States v. Approximately $88,029.00 in U.S. Currency*, No. 1:16-cv-01548-DAD-BAM, 2017 WL 1273768, at *7 (E.D. Cal. Mar. 17, 2017) (deeming approximately $88,029.00 "not substantial enough to warrant denial" of the government's motion for default judgment). Fifth, there are no genuine disputed issues of material fact. Sixth, it does not appear that the failure of any other claimant to answer is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, where, as here, claimants have withdrawn their claims. Accordingly, there is no impediment to default judgment sought by the Government and the Court will recommend that the Application be granted.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons discussed above, this Court RECOMMENDS that:

1. The Government's Ex Parte Application for Entry of Default Judgment against the interests of Mark Bagdasarian, Maureen Bagdasarian, and Ryan Bagdasarian (Doc. 26) be GRANTED;

2. The Clerk of the Court enter a final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the Defendant Funds to the United States to be disposed of according to law; and

3. Within ten (10) days of service of an order adopting these findings and recommendations, the United States shall submit a proposed final judgment of forfeiture consistent with the findings and recommendations and order adopting them.

1  These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B). Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991)); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 24, 2017**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE